# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No. 3:20-cv-00215-KDB-DSC

| | |
|---|---|
| TERRIE SANDERS et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DUKE ENERGY CAROLINAS LLC,<br><br>Defendant. | **STIPULATED PROTECTIVE ORDER<br>ON CONFIDENTIALITY<br>AND PRIVILEGE** |

This matter comes before the Court upon the stipulation of the parties, Plaintiffs and Defendant Duke Energy Carolinas LLC, as endorsed below. The Court finds that good cause supports entry of this Order and that justice so requires. Now, therefore, IT IS ORDERED:

1. **Scope of Order:** Pursuant to Federal Rule of Civil Procedure 26(c), the documents, testimony, or other information, including the substance and content thereof, produced or otherwise disclosed by any party or non-party during discovery in this litigation shall be subject to the terms and provisions of this Order.

2. **Confidential Material:** As used herein, the term "Confidential Material" means and includes any documents being produced, interrogatory answers, responses to requests for admissions, and/or transcripts of testimony that are marked by stamping the cover or first page of each such document or, if the documents are produced in electronic form, by stamping the electronic storage device itself or providing a communication contemporaneous with the production of such document that reasonably identifies the electronically produced material with the word "Confidential" or words "Confidential - Attorneys' Eyes Only." Confidential Material may include a duly marked transcript or other record (including videotape) of a deposition or portion of a deposition. Information designated as Confidential Material shall be used solely for

the purposes of this litigation and shall not be made public by any receiving party or otherwise used, disclosed, or disseminated beyond the extent allowed herein. If any party produces a document that should have been designated as Confidential Material but was not designated as such, that party may subsequently designate the document as Confidential Material by notifying all parties in writing within thirty days after discovery of its failure to designate and by providing copies of such document bearing a Confidential designation. Upon the designation of any material as Confidential or Confidential - Attorneys' Eyes Only, all originals, copies, reproductions, and duplications of such material shall be subject to the provisions of this Order.

3. **<u>Confidential:</u>** Information will be designated as "Confidential" when a party, in good faith, believes that the information and/or document being produced contains non-public commercial, proprietary, or business information or other information of a non-public nature considered to be sensitive, confidential, and/or proprietary, including a trade secret; proprietary information or other confidential research; or sensitive personal or personnel information, including personal identifying information ("PII") about a party, its employees, its clients, or third parties. Though PII need not be redacted prior to production in discovery if the document containing it is marked as Confidential, any party that intends to file publicly, or otherwise disclose or use publicly, documents produced in this matter shall ensure that appropriate redactions are applied to any PII prior to such filing or use, including any PII associated with a party, its employees, its clients, it customers, or third parties.

4. **<u>Confidential - Attorneys' Eyes Only:</u>** Information will be designated as "Confidential - Attorneys' Eyes Only" when a party, in good faith, believes that the information and/or documents being produced will reveal a party or third party's proprietary and confidential information or other sensitive information, including financial information, and the disclosure of

such information may compromise that party's confidential information, trade secrets, and/or competitive position. To the extent any information sought by Plaintiffs qualifies as Critical Energy/Electric Infrastructure Information ("CEII"), it also qualifies as Confidential - Attorneys' Eyes Only (at a minimum), and the parties' counsel will confer regarding whether, and to what degree, such information may be disclosed.

5. **Exclusions:** Any document and/or any information contained in any document shall not be regarded as Confidential or Confidential - Attorneys' Eyes Only if:

   a. it was properly and lawfully obtained, publicly available, and/or in the public domain at the time of disclosure;

   b. it becomes publicly available and/or part of the public domain through no fault of a receiving party; or

   c. it was in the possession of or already known to the receiving party at or before the time of disclosure as a result of proper means.

6. **Disclosure:** Documents designated as Confidential - Attorneys' Eyes Only shall not be disclosed or made available to any person except for the attorneys of record for the parties to this litigation, their paralegals or other employees, retained experts or consultants (subject to his or her execution of the Confidentiality Agreement attached as Exhibit A), contract attorneys, or vendors providing litigation support and/or database services to the parties or the parties' counsel, and in-house legal counsel and paralegals of each party working on this litigation, on the condition that any of the foregoing receiving documents designated as Confidential - Attorneys' Eyes Only is made aware of the obligations set forth in this Order.

7. **Qualified Persons:** Documents designated as Confidential shall not be disclosed or made available to persons other than "Qualified Persons." As used herein, "Qualified Persons"

means:

    a. any party to this litigation, including its directors, officers, employees, agents, and in-house counsel;

    b. counsel for any party and attorneys, paralegals, and secretarial, clerical, and other support personnel employed by said counsel's firm when operating under said counsel's supervision and control;

    c. actual or potential experts or consultants who may assist the attorneys of record in preparation for and trial of this litigation, provided that such person is advised of the terms of this Confidentiality Agreement, agrees to abide by its terms, and signs the acknowledgement attached as Exhibit A;

    d. any former employees of the parties who are assisting, or otherwise involved, in the prosecution or defense of this action;

    e. the original author(s) or recipient(s) of a document designated as Confidential;

    f. personnel, contractors, or vendors providing graphics, design, photocopy, document imaging, document processing, translation, litigation support, and/or database services to the parties or the parties' counsel;

    g. Judges and court personnel of the United States District Court for the Western District of North Carolina; certified court reporters, stenographic reporters, and video technicians; and

    h. mediators engaged by the parties or the Court to assist in this litigation.

8. **<u>Subpoenaed Documents:</u>** Copies of documents or other materials received from third parties pursuant to subpoenas ("Third-Party Documents") shall, within ten business days of receipt of the Third-Party Documents, be furnished by receiving counsel to opposing counsel. To

the extent the Third-Party Documents were not designated as Confidential or Confidential - Attorneys' Eyes Only by the subpoenaed party, a party's counsel may, within ten business days of the Third-Party Documents being received, advise the other party or parties' counsel, in writing, if any of the Third-Party Documents are to be designated Confidential or Confidential - Attorneys' Eyes Only under this Confidentiality Agreement. Third-Party Documents shall not be provided to any persons other than those designated by paragraph 6 of this Order until either (a) counsel is advised by opposing counsel, pursuant to this paragraph, if any of the Third-Party Documents are to receive a specific designation under this Order or (b) ten business days from the date the Third-Party Documents are received by all counsel, whichever occurs first. Counsel shall work in good faith to accommodate reasonable requests for expedition or extension of the "ten business day" timeframes provided in this paragraph, due to the particular format, volume, or urgency of the Third-Party Documents being furnished.

9. **Designation of Deposition or Other Testimony:** Subject to the provisions of pargraphs 3 and 4, any deposition or other testimony may be designated as Confidential information or Confidential - Attorneys' Eyes Only information by the oral designation of a party at the time of the deposition or testimony, or in writing within ten days after receipt of the final transcript. Transcripts shall not be provided to any persons other than those designated by paragraph 6 of this Order until either (a) such counsel is advised by opposing counsel, pursuant to this paragraph, if any of the testimony is to receive a specific designation under this Order or (b) ten business days from the date the final transcript is received, whichever occurs first. Counsel shall work in good faith to accommodate reasonable requests for expedition or extension of the "ten business day" timeframes provided in this paragraph, due to the particular format, volume, or urgency of the testimony being furnished.

10. **Objection:** If at any time a party objects to a designation of information as Confidential information or Confidential - Attorneys' Eyes Only information as provided in paragraphs 3, 4, 8, or 9 of this Order, the objecting party shall notify the producing party in writing. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. Within fourteen days of the receipt of such notice, the producing party shall either withdraw the designation or specify in reasonable detail the reasons why the information is entitled to the designated status. If the producing party does not withdraw the designation within fourteen days, the objecting party may apply to this Court for a ruling on the continued status of the information. The status of the information as Confidential information or Confidential - Attorneys' Eyes Only information shall be maintained until the Court's final ruling on the application.

11. **Disclosure to Non-Qualified Persons:** If counsel for Plaintiffs or Defendant should conclude that for the purpose of this litigation either side needs to disclose any Confidential Material to any person not described in paragraphs 6 and 7(a)-(g) above, such counsel must request permission from opposing counsel in writing. If permission is granted, the party intending to so provide the Confidential Material shall provide written confirmation to opposing counsel that the person to receive it is made aware of the provisions of this Order and has executed the acknowledgment attached as Exhibit A. If permission is denied, the parties shall promptly meet and confer in an attempt to resolve their dispute before presenting it to the Court by motion or otherwise.

12. **Custody:** All documents containing information subject to this Order, and notes or other records regarding the contents thereof, shall be maintained in the custody of counsel receiving such information, or other Qualified Person, and no partial or complete copies thereof

shall be retained by anyone else at any location other than the offices of counsel, or other Qualified Person.

13. **<u>Filing of Confidential Information:</u>** In the event that any deposition testimony, deposition exhibit, discovery pleading, answer or response to discovery pleading (including exhibits and/or attachments), motion, memorandum of law, affidavit, brief, or any other submission by any party is filed with the Court and includes, incorporates, or quotes Confidential information or Confidential - Attorneys' Eyes Only information, such filings shall be submitted to the Court for filing under seal in accordance with the procedure set forth in the rules governing this action. Any document or paper filed with the Court is presumptively a public document, and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law. If the Court grants the motion to seal, the Clerk's Office shall maintain the matter under seal as specified in the Court order. If the Court denies the motion to seal, the original and copy of the proposed filing shall be returned to the party in its original envelope.

14. **<u>Agreement to Comply with Order and Be Subject to Court's Jurisdiction for Purposes of Enforcement:</u>** The parties agree that execution of this Stipulated Protective Order by counsel shall constitute the agreement of both counsel and the parties to its terms. Any person(s) to whom disclosure of Confidential information or Confidential - Attorneys' Eyes Only information is made, pursuant to and with notice of this Order, agrees to submit to this Court's jurisdiction for contempt, or any other appropriate proceedings, in the event of any alleged violation of this Order. All persons receiving Confidential information or Confidential - Attorneys' Eyes Only information, pursuant to and with notice of this Order, are hereby prohibited from disclosing it to any other person except in conformance with this Order.

15. **Disclosure of Confidential Material:** If a receiving party becomes aware that it has disclosed Confidential Material to any person or in any circumstance not authorized by this Order, such party shall immediately: (a) notify in writing the designating party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the Confidential Material; (c) provide a copy of this Order to the recipient(s) of the unauthorized disclosure; and (d) use its best efforts to obtain agreement from the recipient that he or she is bound by the Order.

16. **Use at Deposition and/or Trial:** This Order shall not preclude counsel for any party from using any information or documents which qualify as Confidential Material under the terms herein in the course of any deposition in this litigation or at trial of this matter except to the extent that the deponent shall be required to execute the acknowledgment attached as Exhibit A.

17. **Termination of Litigation:** The ultimate disposition of protected materials is subject to a final order of the Court upon the completion of the litigation. Notwithstanding the preceding sentence, the Parties agree that upon the ultimate termination of this litigation, whether by trial, appeal, settlement, or other disposition, all Confidential Material subject to this Order shall continue to be subject to the provisions of this Order and any violation of the provisions of this Order may subject the offending party to the contempt powers of the Court. Consistent with the North Carolina Rules of Professional Conduct, counsel for the parties may maintain a digital archival copy of their client's complete file, inclusive of all litigation matters, for a period of six years. Provided, however, that any hard (printed) copies of the Confidential Material must be either (1) returned to the producing party or (2) destroyed, with the receiving party providing written certification of such destruction to the producing party on request. Access to the Confidential Material after the termination of this litigation may not occur without the express permission of the producing party, and every person accessing such Confidential Material after

termination of the litigation shall execute the Confidentiality Agreement attached as Exhibit A. Following the six year period referenced above, the receiving party shall return or destroy all of the producing party's Confidential Material upon request of the producing party.

18. **Privilege Log:** A producing party that withholds documents on the grounds of attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or doctrine shall provide a metadata privilege log in an electronic spreadsheet format, with the following fields: Privilege Identifier (or Bates number), Date, Author/From, To, Cc, Bcc, File Type, Filename/Email Subject, and the privilege or protection being asserted. The parties recognize that production of documents will likely occur on a rolling basis and a privilege log will be produced within thirty days of the final document production. If Filename/Email Subject or other fields contain information that the producing party reasonably believes may risk waiver of privilege, the producing party may redact such information. Additionally:

   a. Redacted documents need not be logged as long as, where applicable, the bibliographic information is apparent on the face of the document.
   b. Fully withheld email threads need only be logged as a single metadata log entry.
   c. Attorney-client privileged or work product communications that post-date the February 7, 2020 filing of the Complaint need not be logged.

Should the receiving party need more information about the privilege or protection asserted over a specific document in order to assess the claim of privilege pursuant to Rule 26(b)(5)(A), the receiving party must specify in writing by Privilege Identifier or Bates number the individual document(s) for which it is requesting additional information. For the specific documents identified, the producing party will supplement the metatdata privilege log with a description of the contents of the document sufficient to understand the subject matter of the document and the

basis of the claim of privilege, including why the document is privileged if an attorney is not involved in the communication or if a third party is involved in the communication.

19. **<u>Disclosure, Non-Waiver, and Right to Clawback:</u>** Pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B), the disclosure of Confidential Material by any party shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. The disclosure of information or material protected by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or doctrine ("Protected Information") by any party shall not be deemed a waiver or forfeiture in whole or in part of such protection—in this or any other federal, state, administrative, or other action or proceeding—and the producing party may request that the material be returned by the receiving party.

Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the producing party in writing that such materials have been produced so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Order.

Furthermore, if the producing party discovers that documents or ESI containing Protected Information have been disclosed ("Clawback Materials"), they must notify the receiving party promptly, in writing. Upon receipt of notice of the assertion of privilege or protection over the Clawback Materials, the receiving party will within ten business days certify in writing, including specific Bates number(s), that it has returned or destroyed the Clawback Materials, and all copies of such, including those within any database or review platform. The contents of the Clawback

Materials shall not be disclosed to anyone who was not already aware of the contents before the notice was received, except individuals to which disclosure is necessary to carry out the obligations under this paragraph. If the receiving party had previously provided the Clawback Materials to any third party, the receiving party must promptly instruct the third party to return or destroy the Clawback Materials. Should the receiving party contest the producing party's assertion of privilege or protection, it will notify the producing party within seven days of its objection and maintain the Clawback Materials in confidence pending resolution by the parties or the Court. The receiving party may make no use of the Clawback Materials, or any notes or other work-product reflecting the contents of the Clawback Materials, during any aspect of this matter or any other matter, including in depositions or at trial, and will not introduce or seek to introduce into evidence or otherwise use the Clawback Materials unless and until they are designated by the Court as not privileged or protected. Additionally:

   a. Nothing contained herein constitutes a concession by any party that any documents, ESI or information are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine.

   b. Nothing contained herein is intended to waive or limit a party's right to contest any privilege claims that may be asserted with respect to any documents, ESI, or information, except to the extent specifically stated herein. The returning or destroying of Clawback Materials pursuant to this Order is not a waiver of the receiving party's right to claim that the material is not privileged or protected.

   c. Nothing contained herein precludes a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the disclosing party uses or indicates that it may use information

produced under this Order to support a claim or defense.

    d. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Further, nothing contained herein is intended to reduce the timeframe provided to the disclosing party to complete their review should they choose to do so.

    e. Nothing contained herein is intended to limit a party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

    f. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

20. **No Waiver:** Nothing in this Order shall be deemed a waiver of the producing party's right to:

    a. oppose discovery on any grounds other than confidentiality or privilege; or

    b. object on any ground to the admission in evidence, at any trial, hearing, or public proceeding in this litigation, of any document or information produced or disclosed pursuant to this Order.

21. **Limitation of Order:** Nothing in this Order limits the rights of a producing party or third party concerning documents, testimony, or other information that it produced or disclosed.

22. **Non-Parties:** This Order shall apply to non-parties who provide discovery (by deposition, production of documents, or otherwise) in this lawsuit, unless the non-party waives the

protection of this Order. This Order shall also apply to non-parties who are afforded access to documents or information produced hereof during discovery in this lawsuit (whether by deposition, production of documents, or otherwise).

23. **Retention of Jurisdiction:** The Court retains jurisdiction to make amendments, modifications, and additions to this Order. Any party may apply to the Court for amendment or modification of, or addition to, this Order at any time based upon a showing of good cause.

24. **Survival of Order:** This Order and the agreements embodied herein shall survive the termination of this action whether by dismissal, final judgment, completion of appeal, settlement or otherwise. After the conclusion of all proceedings herein, the Order shall remain in full force and effect, and the Court shall retain jurisdiction to enforce its terms and to insure compliance.

25. **Non-Exclusivity:** Nothing in this Order shall be construed to diminish the obligations that any party owes to any other party, parties, or to a non-party, pursuant to any other agreement, order, or applicable law.

**SO ORDERED.**

Signed: April 15, 2022

_____
David S. Cayer
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

**Dated:** April 15, 2022

/s/ *Fred W. DeVore, III* (with permission)
Fred W. DeVore, III (N.C. State Bar No. 10308)
F. William DeVore, IV (N.C. State Bar No. 39633)
Derek P. Adler (N.C. State Bar No. 39488)
Brittany N. Conner (N.C. State Bar No. 53913)
**DeVore Acton & Stafford PA**
438 Queens Road
Charlotte, North Carolina 28207
Telephone: (704) 377-5242
Facsimile: (704) 332-2825
Email: fdevore@devact.com
Email: wdevore@devact.com
Email: dadler@devact.com
Email: bconner@devact.com

John R. Buric (N.C. State Bar No. 22688)
John R. Brickley (N.C. State Bar No. 41126)
**James, McElroy & Diehl, P.A.**
525 North Tryon Street, Suite 700
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
Email: jburic@jmdlaw.com
Email: jbrickley@jmdlaw.com

*Attorneys for Plaintiffs*

**Dated:** April 15, 2022

**Womble Bond Dickinson (US) LLP**

/s/ *Debbie W. Harden*
Debbie W. Harden (N.C. State Bar No. 10576)
James S. Derrick (N.C. State Bar No. 39632)
Patrick G. Spaugh (N.C. Bar No. 49532)
301 South College Street, Suite 3500
Charlotte, NC 28202-6037
Telephone: (704) 331-4943
Email: debbie.harden@wbd-us.com
Email: james.derrick@wbd-us.com
Email: patrick.spaugh@wbd-us.com

*Attorneys for Defendant Duke Energy Carolinas, LLC*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**
Case No. 3:20-cv-00215

| | |
|---|---|
| TERRIE SANDERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DUKE ENERGY CAROLINAS, LLC, <br><br> Defendant. | **ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIALITY AGREEMENT AND AGREEMENT TO BE BOUND THEREBY** |

I acknowledge receipt of a copy of the Confidentiality Agreement between the parties to this litigation and I agree to be bound by its terms with respect to any Confidential Material, as defined therein, provided to me pursuant to same. I acknowledge that I have read the Confidentiality Agreement and understand its terms and consent to the personal jurisdiction of the United States District Court for the Western District of North Carolina, solely with regard to any matter specifically related to or arising out my receipt and review and/or use of Confidential Material provided to me pursuant to the Confidentiality Agreement.

_____  _____
Date                                                Print Name

                                                    _____
                                                    Signature